NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50196 |
| Plaintiff–Appellee, | D.C. No. 3:15-cr-02940-GPC-1 |
| v. | |
| MARCO ALEJANDRO ESCOBEDO-GOMEZ, | MEMORANDUM[*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted February 7, 2018
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and KORMAN,[**] District Judge.

Marco Escobedo-Gomez was convicted importing heroin in violation of 21 U.S.C. §§ 952 and 960. He argues that the district judge erred in denying his pretrial motion to suppress statements made during a post-arrest interrogation. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

*de novo* whether Escobedo unequivocally invoked his right to counsel before making the statements. *United States v. Rodriguez*, 518 F.3d 1072, 1076 (9th Cir. 2008).

"Although a suspect need not 'speak with the discrimination of an Oxford don,' he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994) (quoting *id.* at 476 (Souter, J., concurring); *see also Robinson v. Borg*, 918 F.2d 1387, 1393 (9th Cir. 1990) ("[A] suspect is required neither to use any magical formulation to invoke his rights nor to express his desire to obtain counsel with lawyer-like precision."). Particularly instructive is *Smith v. Illinois*, 469 U.S. 91, 93 (1984) (per curiam). There, the Supreme Court held that the statement "Uh yeah, I'd like to do that" in response to being advised of his right to counsel was an unequivocal request for counsel, and Smith's later responses to questions regarding the request for counsel could not be used "to cast retrospective doubt on the clarity of the initial request itself." *Id*. at 96–97, 100.

Escobedo's statement—"But, yeah…Okay. I guess I'll, I'll wait for the attorney. I mean, 'cause I'm like, I don't know what's happening, like, why or what"—was a similarly clear expression of his desire to await counsel, followed by his reason for making that request. Here, "But yeah…Okay" simply shows that Escobedo understood that Agent Mattison could not tell him anything more about

16-50196

why he had been arrested. Indeed, the parties principally focus their arguments on the words "I guess."

The use of the phrase "I guess" is often colloquial filler. *See Croft v. Chi., R.I. & P. Ry. Co.*, 109 N.W. 723, 726 (Iowa 1906) ("It is not material that, in giving his answers, the [juror] used the qualifying word 'guess'—a word technically implying doubt. It is manifest from his answers as a whole that the form of expression used was merely a colloquialism. It was not intended to be understood in its literal or technical sense."). Crucially, Escobedo went on: "I'll wait for, for the attorney," explaining that he would do so because "I don't know what's happening, like, why or what."

Escobedo's explanation reinforced his request. *Cf. Hurd v. Terhune*, 619 F.3d 1080, 1089 (9th Cir. 2010) (explaining that a suspect can invoke his right to silence "through an explanatory refusal"). Indeed, because a request for counsel halts further questioning, *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981), the agent's response—"All right, so, you don't—you don't wish to speak to us tonight?"—indicates that he understood exactly what Escobedo was asserting.

Under these particular circumstances, confirmed by our review of the DVD of the interrogation, we conclude that Escobdo unequivocally invoked his right to counsel.

**REVERSED AND REMANDED.**

16-50196